UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, et al., | Case No. 2:19-CV-34 JCM (EJY) |
| Plaintiff(s), | ORDER |
| v. | |
| ANTHONY S. NOONAN IRA, LLC, et al., | |
| Defendant(s). | |

Presently before the court is the Bank of New York Mellon's ("BNYM") motion to remand to state court. (ECF No. 7). Defendant Rivendell Homeowners Association ("Rivendell") filed a response (ECF No. 11), as did defendants Anthony S. Noonan IRA, LLC ("Noonan") and LP Financial, Inc. ("LP") (ECF No. 14). BNYM did not reply but did file a notice regarding its motion to remand to state court. (ECF No. 31).

Also before the court is BNYM's contemporaneous motion for attorney's fees. (ECF No. 8). Defendants responded (ECF Nos. 12, 15), and BNYM replied (ECF Nos. 19, 21).

Also before the court is Rivendell's motion to dismiss. (ECF No. 13). Noonan and LP joined in the motion. (ECF No. 22). BNYM responded. (ECF No. 23). No party replied.

Also before the court is Noonan and LP's motion to dismiss. (ECF No. 28). BNYM responded (ECF No. 32), and there was no reply.

Also before the court is BNYM's motion for summary judgment. (ECF No. 34). Defendants responded (ECF Nos. 40, 41), and BNYM replied (ECF Nos. 42, 43).

**I.     Facts**

The instant action arises from a dispute regarding the HOA superpriority-lien foreclosure sale of 6982 Mirkwood Avenue, Las Vegas, Nevada in March of 2007. (ECF Nos. 1, 7). The

James C. Mahan
U.S. District Judge

home was initially purchased by Richard Chen, who borrowed $584,500 dollars from Preferred Home Mortgage to do so. (ECF No. 7 at 2). As security for the loan, Chen executed a deed of trust in favor of Preferred Home Mortgage.[1] *Id.*

Between March 2012, and August 2014, Rivendell recorded a notice of delinquent assessment lien against the property, rejected Bank of America's[2] tender of the superpriority amount, foreclosed on the property, and sold the property to Noonan and LP. *Id.*

Noonan and LP, as purchasers of the property, filed a quiet title action against Chen in the Eighth Judicial District Court for Clark County, Nevada, case number A-14-706118-C. *Id.* Noonan and LP amended their complaint to include Preferred Home Mortgage. *Id.* BNYM alleges that Preferred Home Mortgage did not have an interest in the property at the time the complaint was amended because it had already designated MERS as the beneficiary under the deed of trust. *Id.* Nonetheless, Noonan and LP sought and received a default judgment against Preferred Home Mortgage. *Id.* BNYM and MERS then sought to intervene in the state court action and set aside the default judgment. *Id.*

BNYM was able to intervene and set aside the default judgment, but the Nevada Supreme Court reversed and remanded the case on appeal. *Id.* at 3. BNYM moved to substitute in place of Preferred Home Mortgage in the ongoing action. *Id.* BNYM simultaneously initiated the instant action against Noonan, LP, and Rivendell in state court, case A-18-784416-C, asserting a variety of state-law claims including quiet title, declaratory relief, breach of NRS 116, and wrongful foreclosure. *Id.* Noonan and LP timely removed the action, and BNYM moved to remand. *Id.*

**II.     Legal Standard**

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction, may be removed by the defendant

---

[1] "BoNYM is the current owner of the loan and beneficiary of the deed of trust via an assignment recorded with the Clark County Recorder's office on April 22, 2015." (ECF No. 7 at 2).

[2] Bank of America, N.A., was the servicer of the loan. (ECF No. 7 at 2).

James C. Mahan
U.S. District Judge

- 2 -

or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

For a United States district court to have diversity jurisdiction under 28 U.S.C. § 1332, the parties must be completely diverse and the amount in controversy must exceed $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1098 (9th Cir. 2003). A removing defendant has the burden to prove by a preponderance of the evidence that the jurisdictional amount is met. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996).

Procedurally, a defendant has thirty (30) days upon notice of removability to remove a case to federal court. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (citing 28 U.S.C. § 1446(b)(2)). Defendants are not charged with notice of removability "until they've received a paper that gives them enough information to remove." *Id.* at 1251.

Specifically, "the 'thirty day time period [for removal] . . . starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face' the facts necessary for federal court jurisdiction." *Id.* at 1250 (quoting *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 690–91 (9th Cir. 2005) (alterations in original)). "Otherwise, the thirty-day clock doesn't begin ticking until a defendant receives 'a copy of an amended pleading, motion, order or other paper' from which it can determine that the case is removable. *Id*. (quoting 28 U.S.C. § 1446(b)(3)).

A plaintiff may challenge removal by timely filing a motion to remand. 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."). Remand to state court is proper if the district court lacks jurisdiction. *Id.* On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

. . .

. . .

### III. Discussion

Here, Noonan and LP removed on the basis of diversity under 28 U.S.C. § 1332(a). (ECF No. 1); *see also* 28 U.S.C. § 1332(a). Removal based on diversity of citizenship is subject to the "home-state defendant rule" found in 28 U.S.C. § 1441(b)(2), which provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the [s]tate in which such action is brought." 28 U.S.C. § 1441(b)(2). Although BNYM did not raise the home-state defendant rule in its motion to remand, "[i]t has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction." *California Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280.

In their notice of removal, Noonan and LP indicated that "[Noonan] is a Nevada limited liability company" and "[Rivendell] is a Nevada non-profit cooperation." (ECF No. 1 at 3). This action was originally brought in the Eighth Judicial District Court for Clark County, Nevada. (ECF No. 1). Thus, both Rivendell and Noonan are Nevada citizens subject to the home-state defendant rule, which precludes this court from exercising subject matter jurisdiction over the instant action. 28 U.S.C. § 1441(b)(2).

Accordingly, BNYM's motion to remand to state court is granted.

The court next turns to BNYM's motion for attorney's fees. (ECF No. 8). Although BNYM correctly indicates that 28 U.S.C. § 1441(c) allows the court to impose attorney's fees and costs on a party who improperly removes a case to federal court, "Congress has unambiguously left the award of fees to the discretion of the district court." *Gotro v. R & B Realty Group*, 69 F.3d 1485, 1487 (9th Cir. 1995) (citing *Moore v. Permanente Medical Group*, 981 F.2d 443, 446 (9th Cir. 1992).

BNYM argued that the prior exclusive jurisdiction doctrine barred subject matter jurisdiction in this case. (*See generally* ECF No. 7). This was a novel issue considering the procedural posture of the parallel 2014 state case A-14-706118-C. (ECF No. 7 at 2). Default judgment had been entered against BNYM's predecessor-in-interest, and BNYM sought to intervene and set aside the default judgment. *Id.*

James C. Mahan
U.S. District Judge

- 4 -

1       As a result, there was a reasonable dispute regarding the prior exclusive jurisdiction doctrine's applicability: the parties agreed the doctrine applies only if the 2014 case was still ongoing. (*See generally* ECF Nos. 7, 11, 14). In fact, BNYM filed a notice regarding its motion to remand after the state court held that the case was not, in fact, open and conceded that the prior exclusive jurisdiction doctrine did not apply. (ECF No. 31). Considering the reasonable dispute between the parties regarding the applicability of the prior exclusive jurisdiction doctrine—particularly because the state court agreed with the defendants' reasoning—the court declines to award attorney's fees to BNYM.

      Therefore, BNYM's motion for attorney's fees (ECF No. 8) is denied.

      The case shall be remanded to state court for adjudication. As a result, the court hereby dismisses all pending motions without prejudice.

**IV.    Conclusion**

      Accordingly,

      IT IS HEREBY ORDERED, ADJUDGED, and DECREED that BNYM's motion to remand (ECF No. 7) be, and the same hereby is, GRANTED.

      IT IS FURTHER ORDERED that BNYM's motion for attorney's fees (ECF No. 8) be, and the same hereby is, DENIED.

      IT IS FURTHER ORDERED that Rivendell's motion to dismiss (ECF No. 13) be, and the same hereby is, DENIED without prejudice.

      IT IS FURTHER ORDERED that Noonan and LP's motion to dismiss (ECF No. 28) be, and the same hereby is, DENIED without prejudice.

      IT IS FURTHER ORDERED that BNYM's motion for summary judgment (ECF No. 34) be, and the same hereby is, DENIED without prejudice.

      IT IS FURTHER ORDERED that the matter of *The Bank of New York Mellon v. Anthony S. Noonan IRA, LLC et al.,* case number 2:19-cv-034-JCM-EJY, be, and the same hereby is, REMANDED.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

The clerk shall close the case accordingly.

DATED August 23, 2019.

_____
UNITED STATES DISTRICT JUDGE